**NEHLS, Appellee,**

v.

**QUAD–K ADVERTISING, Appellant;**

**Ohio Civil Rights Commission, Appellee.**

Court of Common Pleas of Ohio,
Cuyahoga County.

No. 247405.

Decided Nov. 7, 1996.

*Kenneth J. Kowalski* and *Fair Employment Practices Clinic, Cleveland Marshall College of Law,* for Arleen M. Nehls in Court of Common Pleas case No. 285973.

*Betty D. Montgomery,* Attorney General, and *Marilyn Tobocman,* Assistant Attorney General, Civil Rights Section, for plaintiff/appellee and defendant/appellee.

*Monroe & Zucco, Jules N. Koach* and *Alan M. Wolk,* for defendant/appellant Abraham Giterman, d.b.a. Quad–K Advertising (incorrectly designated as Quad–K Advertising, Inc. in caption, and in administrative proceedings).

———————

ANTHONY O. CALABRESE, JR., Judge.

This cause came on for hearing upon the motion for relief from judgment filed March 20, 1996 by defendant/appellant Quad–K Advertising, Inc. ("Quad–K"). Attached to said motion was an acknowledgement of service and consent to the granting of said motion signed by Marilyn Tobocman, Assistant Attorney General, Civil Rights Section, on behalf of Betty D. Montgomery, Attorney General of Ohio, counsel for plaintiff/appellee Arleen Nehls ("Nehls") and defendant/appellee Ohio Civil Rights Commission ("commission").

At the time of the filing of the motion, this cause was pending before the Supreme Court of Ohio, which had accepted jurisdiction of Quad–K's appeal from a judgment of the Eighth District Court of Appeals (Supreme Court of Ohio case No. 95–1703). See *Nehls v. Quad–K Advertising, Inc.* (1995), 106 Ohio App.3d 489, 666 N.E.2d 579, and Reporter's Note. This court was therefore without jurisdiction to rule upon said motion.

By order dated May 8, 1996, 75 Ohio St.3d 1475, 663 N.E.2d 1302, the Supreme Court granted a jointly filed motion to remand the appeal to implement settle-

ment, and ordered that the case be remanded to the court of appeals, with instructions to that court to remand the case to the court of common pleas. By order dated May 17, 1996, the Eighth District Court of Appeals remanded the case to this court for implementation of settlement.

This action originally came before the court as the result of the filing of a petition for judicial review by Quad–K. The petition sought a judicial review of an order issued December 10, 1992 by the commission, which order stated that Quad–K had unlawfully discriminated against Nehls, in violation of R.C. 4112.02.

By order journalized April 20, 1994, this court affirmed the decision of the commission, which order was subsequently affirmed by the Eighth District Court of Appeals. 106 Ohio App.3d 489, 666 N.E.2d 579.

In its motion for relief from judgment, Quad–K brings to the court's attention two cases decided by the United States Supreme Court that were not cited to the court by the parties at the time that the petition for judicial review was before it: *Community for Creative Non–Violence v. Reid* (1989), 490 U.S. 730, 109 S.Ct. 2166, 104 L.Ed.2d 811, and *Nationwide Mut. Ins. Co. v. Darden* (1992), 503 U.S. 318, 112 S.Ct. 1344, 117 L.Ed.2d 581. Counsel for the parties have also brought to the attention of the court the case of *Ware v. United States* (C.A.6, 1995), 67 F.3d 574.

The parties have jointly represented to the court that based upon the foregoing decisions, the determination whether Quad–K is an employer for jurisdictional purposes must be based upon traditional agency-law principles, and, therefore, that the decision of the commission in the action no longer has the same legal force or effect.

The parties have also jointly represented to the court that Nehls, who was the complainant before the commission, has conveyed her wish to settle all cases and claims on terms now being made available to her.

The parties have also jointly represented that the correct name of defendant/appellant is Quad–K Advertising, a sole proprietorship owned and operated by Abraham Giterman, and that Quad–K Advertising, Inc. is a fictitious and nonexistent business entity first referred to by the commission as the result of a clerical error occurring during the administrative proceedings before that agency. The record is hereby ordered amended accordingly.

WHEREFORE, based upon the record, including the joint representations of the parties, and the applicable law, and with the consent of Nehls and the commission, the court, pursuant to the authority of Civ.R. 60(B)(5), finds Quad–K's motion for relief from judgment to be well taken, and the same is hereby granted.

Upon further consideration of the record, the joint representations of the parties, and the applicable law, and with the consent of Nehls and the commission, the court hereby vacates and sets aside its judgment and order of April 20, 1994.

Further, pursuant to R.C. 4112.06 and the petition for judicial relief filed by Quad–K, and with the consent of Nehls and the commission, based upon the cases cited above, and the fact that the decision of the commission no longer has the same legal force or effect, it is the judgment and order of the court that the order issued by the commission on December 10, 1992 (Complaint No. 5480) is hereby vacated and set aside.

The above findings and orders having been made and issued, it is the further judgment and order of the court, with the consent of all parties, that this case is hereby settled and dismissed, with prejudice, at defendant/appellant's costs.

It is so ordered.

*Judgment accordingly.*